UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

HENGJUN CHAO, M.D.,

                              Plaintiff,

        -against-

THE MOUNT SINAI HOSPITAL, THE MOUNT
SINAI MEDICAL CENTER, THE MOUNT SINAI
SCHOOL OF MEDICINE, DENNIS S. CHARNEY,
M.D., REGINALD MILLER, DVM, ELLEN F.
COHN, Ph.D a/k/a ELLEN BLOCK COHN, MAREK
MLODZIK, Ph.D., HANS SNOECK, Ph.D., TERRY
KRULWICH, Ph.D., HELEN VLASSARA, M.D.,
JAMES GODBOLD, Ph.D, LILIANA OSSOWSKI,
MSc, Ph.D.,

                              Defendants.

------------------------------------------------------------- x

No. 10 CV 2869 (HB)

**ANSWER**

        Defendants The Mount Sinai Hospital, The Mount Sinai Medical Center, The

Mount Sinai School of Medicine, and Dennis S. Charney (collectively, "Defendants") for their

answer to Plaintiff's amended complaint, allege as follows:

        1.      Defendants deny the allegations in paragraph 1, except respectfully refer

the Court to the amended complaint for its contents.

        2.      Defendants admit the allegations in paragraph 2.

        3.      Defendants admit the allegations in paragraph 3.

        4.      Defendants admit the allegations in paragraph 4 except deny knowledge or

information sufficient to form a belief as to whether prior to filing this amended complaint,

copies of the same were served upon the New York City Commission on Human Rights and the

Corporation Counsel.

5.    Defendants deny the allegations in paragraph 5, except admit that venue is proper in this district.

6.    Defendants admit the allegations in paragraph 6.

7.    Defendants admit the allegations in paragraph 7.

8.    Defendants admit the allegations in paragraph 8.

9.    Defendants admit the allegations in paragraph 9.

10.   Defendants admit the allegations in paragraph 10.

11.   Defendants admit the allegations in paragraph 11.

12.   Defendants admit the allegations in paragraph 12.

13.   Defendants admit the allegations in paragraph 13.

14.   Defendants admit the allegations in paragraph 14.

15.   Defendants admit the allegations in paragraph 15.

16.   Defendants admit the allegations in paragraph 16.

17.   Defendants admit the allegations in paragraph 17,

18.   Defendants admit the allegations in paragraph 18.

19.   Defendants deny the allegations in paragraph 19 and respectfully refer the Court to the Chao appointment letter, dated May 7, 2004, for a statement of its contents.

20.   Defendants deny the allegations in paragraph 20 except admit that Chao was reappointed as an Assistant Professor of Medicine on the academic track and that the new term of appointment was from July 1, 2008 to June 30, 2011.

21.   Defendants deny the allegations in paragraph 21 except admit that during his tenure at MSSM, Chao received grants from funding agencies and published papers in scientific journals.

22.     Defendants deny the allegations in paragraph 22.

23.     Defendants deny the allegations in paragraph 23.

24.     Defendants deny the allegations in paragraph 24.

25.     Defendants deny the allegations in paragraph 25.

26.     Defendants deny the allegations in paragraph 26.

27.     Defendants deny the allegations in paragraph 27 except admit that on September 26, 2007 Chao made certain allegations concerning Cohn's alleged data manipulation to Dr. Miller.

28.     Defendants admit the allegations in paragraph 28.

29.     Defendants admit the allegations in paragraph 29.

30.     Defendants admit the allegations in paragraph 30.

31.     Defendants deny the allegations in paragraph 31 except admit that two days after the Cohn Complaint was submitted, Dr. Miller review the allegations with the MSSM Research Integrity Committee and shortly thereafter an Inquiry Panel was convened.

32.     Defendants deny the allegations in paragraph 32 except admit that Dr. Miller did not meet in person with the RIC until after receiving Chao's first formal complaint due to scheduling difficulties..

33.     Defendants deny the allegations in paragraph 33 except admit that Dr. Miller, pursuant to his legal obligations under the ORI Regulations, did not return some original sequestered materials to Chao; informed Chao that MSSM had the authority to sequester equipment from Chao's lab; and informed Chao that he and his staff could copy the sequestered materials for their use.

34.     Defendants deny the allegations in paragraph 34 except admit that when Chao requested a copy of the inquiry report for the Chao Complaint, Dr. Miller denied this request.

35.     Defendants deny the allegations in paragraph 35 except respectfully refer the Court to the Cohn Complaint for its contents.

36.     Defendants deny knowledge or information sufficient to form a belief as the allegations in paragraph 36.

37.     Defendants deny the allegations in paragraph 37 except respectfully refer the Court to the Cohn Complaint for its contents.

38.     Defendants deny the allegations in paragraph 38 except respectfully refer the Court to the Cohn Complaint for a statement of its contents.

39.     Defendants admit the allegations in paragraph 39.

40.     Defendants deny the allegations in paragraph 40 except admit that the Investigation Committee's investigation proceeded in accordance with Chapter VI of the MSSM Faculty Handbook and 42 CFR Part 93, Subpart A.

41.     Defendants admit the allegations in paragraph 41.

42.     Defendants deny the allegations in paragraph 42, except respectfully refer to the Court for the transcript of the investigation proceedings for their contents.

43.     Defendants deny the allegations in paragraph 43 except refer to the cited regulations for their contents.

44.     Defendants deny the allegations in paragraph 44 except admit that the Investigation Committee did not interview certain members of Chao's lab.

45.     Defendants admit the allegations in paragraph 45.

46.     Defendants deny the allegations in paragraph 46 except admit that the Committee did not interview Bhardwaj.

47.     Defendants deny the allegations in paragraph 47.

48.     Defendants deny the allegations in paragraph 48 except admit that Dr. Vlassara made statements which are quoted in part and refer to the transcript of the Investigation Committee's August 12, 2008 interview for Dr. Vlassara's statements.

49.     Defendants deny the allegation in paragraph 49 except that Dr. Vlassara made the statements which is quoted in part and refer to the transcript of the Investigation Committee's August 12, 2008 interview for Dr. Vlassara's statement.

50.     Defendants deny the allegation in paragraph 50 except admit that during an interview with the Investigation Committee's inquiry, Dr. George Atweh, who was no longer employed by MSSM, but instead was a witness called by the Committee at the request of Chao, described Chao as "authoritative" and stated "its cultural, in China, you never question authority."

51.     Defendants admit the allegations in paragraph 51.

52.     Defendants admit the allegations in paragraph 52.

53.     Defendants admit the allegations in paragraph 53.

54.     Defendants deny the allegations in paragraph 54.

55.     Defendants deny the allegations in paragraph 55, except refer to the Chao Final Report for its contents.

56.     Defendants deny the allegations in paragraph 56 except refer to the Chao Final Report for its contents.

57.     Defendants admit the allegations in paragraph 57.

58.     Defendants deny the allegations in paragraph 58.

59.     Defendants deny the allegations in paragraph 59 except refer to the transcripts of the Committee's interviews with Ms. Kelly for their contents.

60.     Defendants deny the allegations in paragraph 60 except admit that the Committee interviewed Ms. Kelly for two days and refer to the Final Committee Report for its contents.

61.     Defendants deny the allegations in paragraph 61 and refers to the Final Committee Report for its contents.

62.     Defendants deny the allegations in paragraph 62 and refer to the Final Committee Report for its contents.

63.     Defendants admit the allegations in paragraph 63.

64.     Defendants deny the allegations in paragraph 64 except refer to the Charney termination letter, dated May 7, 2009, for its contents.

65.     Defendants admit the allegations in paragraph 65.

66.     Defendants admit that Dr. Mlodzik made the statements that are quoted in part in paragraph 66 and refer to the transcript of the Faculty Disciplinary Tribunal for the entirety of Dr. Mlodzik's testimony.

67.     Defendants admit that Dr. Snoeck made the statements that are quoted in part in paragraph 67 and refer to the transcript of the Faculty Disciplinary Tribunal for the entirety of Dr. Mlodzik's testimony.

68.     Defendants admit that Dean Charney made the statements that are quoted in part in paragraph 68 and refer to the transcript of the Faculty Disciplinary Tribunal for the entirety of Dean Charney's testimony.

69.     Defendants admit that Dean Charney made the statements that are quoted in part in paragraph 69 and refer to the transcript of the Faculty Disciplinary Tribunal for Dean Charney's testimony.

70.     Defendants admit the allegations made in paragraph 70.

71.     Defendants admit the allegations made in paragraph 71.

72.     Defendants deny the allegations made in paragraph 72 except deny knowledge sufficient to form a belief as to the truth of the allegation concerning Chao's alleged conversation with a faculty member on March 19, 2010.

73.     Defendant deny knowledge sufficient to form a belief as to the truth of the allegations in paragraph 73.

74.     Defendants deny the allegations in paragraph 74.

75.     Defendants repeat their responses to all previous allegations.

76.     Defendants state that paragraph 76 sets forth conclusions of law as to which a response is not required, and Defendants deny the allegations to the extent a response may be required.

77.     Defendants deny the allegations in paragraph 77.

78.     Defendants deny the allegations in paragraph 78 except admit that the Investigation Committee conducted an investigation of the Cohn Complaint and produced the Chao Final report. Defendants refer to the Final Committee Report for its contents.

79.     Defendants deny the allegations in paragraph 79.

80.     Defendants deny the allegations in paragraph 80.

81.     Defendants deny the allegations in paragraph 81.

82.     Defendants deny the allegations in paragraph 82.

83.  Defendants deny the allegations in paragraph 83.

84.  Defendants deny the allegations in paragraph 84.

85.  Defendants deny the allegations in paragraph 85.

86.  Defendants repeat their responses to all previous allegations.

87.  Defendants deny the allegations in paragraph 87.

88.  Defendants deny the allegations in paragraph 88.

89.  Defendants deny the allegations in paragraph 89.

90.  Defendants repeat their responses to all previous allegations.

91.  Defendants deny the allegations in paragraph 91.

92.  Defendants deny the allegations in paragraph 92.

93.  Defendants deny the allegations in paragraph 93.

94.  Defendants repeat their responses to all previous allegations.

95.  Defendants deny the allegations in paragraph 95.

96.  Defendants deny the allegations in paragraph 96.

97.  Defendants deny the allegations in paragraph 97.

98.  Defendants deny the allegations in paragraph 98.

99.  Defendants deny the allegations in paragraph 99.

100.  Defendants deny the allegations in paragraph 100.

101.  Defendants deny the allegations in paragraph 101.

102.  Defendants deny the allegations in paragraph 102.

103.  Defendants admit the allegations in paragraph 103 but deny that Dr. Cohn's statements were false.

104.  Defendants admit the allegations in paragraph 104.

105.    Defendants admit the allegations in paragraph 105 except deny that Dr. Ossowki's statements were defamatory and that Mt. Sinai or MSSM republished the statements to the Disciplinary Tribunal and the MSSM Board of Trustees.

106.    Defendants admit the allegations in paragraph 106 except deny that Dr. Mlodzik's statements were defamatory and that Mt. Sinai or MSSM republished the statements to the MSSM Board of Trustees.

107.    Defendants admit the allegations in paragraph 107 except deny that Dr. Snoeck's statements were defamatory and that Mt. Sinai or MSSM republished the statements to the MSSM Board of Trustees.

108.    Defendants admit the allegations in paragraph 108 except deny that Dr. Snoeck's statements were defamatory and that Mt. Sinai or MSSM republished the statements to the MSSM Board of Trustees.

109.    Defendants admit the allegations in paragraph 109 except deny that Dean Charney's statements were defamatory.

110.    Defendants deny the allegations in paragraph 110.

111.    Defendants deny the allegations in paragraph 111.

112.    Defendants deny the allegations in paragraph 112.

113.    Defendants deny the allegations in paragraph 113.

114.    Defendants deny the allegations in paragraph 114.

115.    Defendants deny the allegations in paragraph 115.

116.    Defendants deny the allegations in paragraph 116.

117.    Defendants deny the allegations in paragraph 117.

118.    Defendants deny the allegations in paragraph 118.

119.   Defendants repeat their responses to all previous allegations.

120.   Defendants deny the allegations in paragraph 120.

121.   Defendants deny the allegations in paragraph 121.

122.   Defendants deny the allegations in paragraph 122.

123.   Defendants deny the allegations in paragraph 123.

124.   Defendants repeat their responses to all previous allegations.

125.   Defendants deny the allegations in paragraph 125.

126.   Defendants deny the allegations in paragraph 126.

127.   Defendants deny the allegations in paragraph 127.

128.   Defendants repeat their responses to all previous allegations.

129.   Paragraph 129 states a legal conclusion that does not require a response.

130.   Defendants deny the allegations in paragraph 130.

131.   Defendants deny the allegations in paragraph 131.

132.   Defendants repeat their responses to all previous allegations.

133.   Defendants admit the allegations in paragraph 133.

134.   Defendants admit the allegation in paragraph 134.

135.   Defendants admit the allegation in paragraph 135.

136.   Defendants deny the allegation in paragraph 136.

137.   Defendants deny the allegation in paragraph 137.

138.   Defendants repeat their responses to all previous allegations.

139.   Defendants admit the allegation in paragraph 139.

140.   Defendants admit the allegation in paragraph 140.

141.   Defendants admit the allegations in paragraph 141.

142.    Defendants deny the allegations in paragraph 142.

143.    Defendants deny the allegations in paragraph 143.

144.    Defendants deny the allegations in paragraph 144.

145.    Defendants repeat their responses to all previous allegations.

146.    Defendants deny the allegations in paragraph 146.

147.    Defendants admit the allegations in paragraph 147.

148.    Defendants deny the allegations in paragraph 148.

149.    Defendants repeat their responses to all previous allegations.

150.    Defendants admit the allegation in paragraph 150.

151.    Defendants admit the allegation in paragraph 151.

152.    Defendants deny the allegation in paragraph 152.

153.    Defendants deny the allegation in paragraph 153.

## AFFIRMATIVE DEFENSES

### First Defense

154.    Plaintiff's claims are barred, in whole or part, by the statute of limitations.

155.    Second Defense

156.    Plaintiff's breach of contract claims must be dismissed on the ground that they were not brought in an article 78 proceeding.

157.    Third Defense

158.    There was substantial evidence in the record before the Investigative Committee supporting its findings and recommendations were not arbitrary and capricious.

159.    The decision of Dean Charney to terminate plaintiff's employment was based on the findings and recommendation of the Investigation Committee and was not arbitrary and capricious.

160.    At all times the Investigative Committee, Dean Charney, the Faculty Disciplinary Tribunal and the Board of Trustees followed the procedures required by the Faculty Handbook and the decisions of the Faculty Disciplinary Tribunal and the Board of Trustee's decisions were not arbitrary and capricious.

161.    By reason above, plaintiff's breach of contract claims should be dismissed.

162.    Fourth Defense

163.    Plaintiff's claim for breach of the covenant of good faith and fair dealing must be dismissed on the grounds that it is duplicative of plaintiff's breach of contract claim and/or Plaintiff's previously dismissed tort claims.

## Conclusion

For the foregoing reasons, Defendants request that Plaintiff's sixth through eleventh causes of action be dismissed with prejudice.

New York, New York
December 30, 2010

Respectfully submitted,

EPSTEIN BECKER & GREEN, P.C.

By:

Kenneth J. Kelly
Beth Essig
James Treece
250 Park Avenue
New York, New York  10177-1211
(212) 351-4500
*Attorneys for Defendants*